**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 02:59 PM July 17, 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| IRENE M. STARR, ) | CASE NO. 09-64079 |
| ) | |
| Debtor. ) | ADV. NO. 10-6007 |
| ) | |
| ADVANTAGE BANK, ) | JUDGE RUSS KENDIG |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF OPINION (NOT** |
| v. ) | **INTENDED FOR PUBLICATION)** |
| ) | |
| IRENE M. STARR, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

   Now before the court is Defendant Irene M. Starr's ("Defendant") motion in limine ("motion"), filed on July 9, 2012.

   The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

   This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

Plaintiff filed a complaint seeking a denial of Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2)(-(7) and an order declaring its claims to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B), and (a)(6). Plaintiff also seeks compensatory damages of $917,805.26, punitive damages of $917,805.26, and attorney's fees and interest.

Plaintiff's complaint alleges that Defendant applied for, and received, a loan from Plaintiff to encumber property known as Gray Ridge Estates based upon a financial statement in which Defendant represented that she was the sole owner of real property located at 1725 Fallen Timber Street NE in Canton, Ohio. Following the initial loan, upon Defendant's requests, Plaintiff completed two loan modifications based upon Defendant's financial statement regarding the Fallen Timber real property, as well as a statement that she owned an investment account with Raymond James. Defendant, as trustee of the Irene M. Starr Trust, then executed a mortgage to her former husband, Chris Starr, that purported to fully encumber the Fallen Timber real property. At the same time, Defendant also caused a corporation over which she exercised control to execute a mortgage to Chris Starr that encumbered Gray Ridge Estates.

During this time, Defendant continued to represent that she was the sole owner of the Fallen Timber real property and the Raymond James account. After the loan's maturity date, Plaintiff obtained a judgment against Defendant and upon attempt to execute on the judgment, Plaintiff discovered that the Raymond James account and the Fallen Timber real property were not in Defendant's name, but were both in the trust's name. Plaintiff also discovered that Defendant closed the Raymond James account previously and withdrew the proceeds shortly before Plaintiff obtained its judgment. Plaintiff then scheduled judgment examinations to enforce its judgment and agreed to postpone the examinations at Defendant's request while she compiled documents. After Plaintiff agreed to the postponement, Defendant disclosed to Plaintiff that the balance of the Raymond James account had been transferred to Chris Starr. Before the examinations were held, Defendant filed for relief under the Bankruptcy Code.

On November 4, 2011, the court entered an order establishing a discovery deadline of March 30, 2012 and a dispositive motions deadline of April 2, 2012. In addition, Plaintiff's expert reports were to be provided to the other parties by January 31, 2012 and Defendant's expert reports were to be provided to the other parties by February 29, 2012. On April 19, 2012, the court entered an order setting trial for July 23, 2012 and July 24, 2012.

On July 9, 2012, Defendant filed a motion in limine seeking to exclude the testimony of two of Plaintiff's expert witnesses, Thomas R. Greathouse and Dieter E. Heren, on the basis that the experts' reports provided by Plaintiff violate Fed. R. Civ. P. 26(a)(2)(B)(i) and are inadmissible pursuant to Fed. R. Evid. 702. Specifically, Defendant argues that the expert reports only state legal conclusions, lack the reasoning behind their conclusions, and do not assist the trier of fact. Defendant seeks the exclusion of the testimony of the expert witnesses pursuant to Fed. R. Civ. P. 37(c)(1) and Fed. R. Evid 702.

On July 10, 2012, due to the expedited nature of the motion, the court entered an order which provided Plaintiff until July 13, 2012 at 12:00 p.m. to file a response to Defendant's motion and provided Defendant until July 13, 2012 at 4:00 p.m. to file any supplement to her motion. On July 13, 2012, Plaintiff timely filed a response to Defendant's motion. Defendant did not supplement her motion.

## DISCUSSION

I.   Exclusion of Expert Testimony Pursuant to Fed.R.Civ.P. 26(a)(2)(B)(i) and 37(c)(1)

Defendant seeks the exclusion of testimony from experts, Thomas R. Greathouse and Dieter E. Heren, on the basis that the expert reports provided by Plaintiff do not comply with Fed. R. Civ. P. 26(a)(2)(B)(i). Fed. R. Civ. P. 26(a)(2)(B)(i) requires that parties provide a complete statement of the opinions, and the basis and reasons for them, of each witness. Defendant argues that Plaintiff's experts' reports do not provide the basis and reasons for the experts' opinions.

Federal Rule of Bankruptcy Procedure 7037 is applicable to this matter and incorporates Federal Rule of Civil Procedure 37. Local Bankruptcy Rule 7026-1 provides in pertinent part that:

> [N]o discovery procedure filed under Fed. R. Civ. P. 26 through 37 to which objection is made by the responding party shall be taken under consideration by the Court unless the party seeking discovery shall first advise the Court in writing that, after personal consultation and sincere attempts to resolve differences, the parties are unable to reach an accord.

L. Bankr. R. 7026-1. In addition, Fed. R. Civ. P. 37(a)(1) provides that any motion brought under Fed. R. Civ. P. 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery."

Defendant did not provide any certification to the court of any attempt to resolve this issue prior to bringing this motion. Accordingly, the court will not consider Defendant's motion as it relates to Defendant's request for exclusion of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2)(B)(i) and 37(c)(1).

Moreover, the basis for the objection is similarly refuted by the analysis in part II below.

II.   Exclusion of Expert Testimony Pursuant to Fed. R. Evid. 702

Defendant seeks the exclusion of testimony of experts, Thomas R. Greathouse and Dieter E. Heren, on the basis that the expert reports provided by Plaintiff are inadmissible pursuant to Fed. R. Evid. 702. Fed. R. Evid. 702, applicable to this proceeding through Fed. R. Bankr. P. 9017, states that "a witness who is qualified as an expert … may testify in the form of an opinion or

3

otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue … ."

"It is well-settled that testimony which offers a legal conclusion 'invades the province of the court to determine the applicable law …'." United States v. Ohio Edison Co., No. 2:99-CV-1181, 2003 U.S. Dist. LEXIS 2919, at 5 (S.D. Ohio. Feb. 25, 2003) (quoting Torres v. Cnty. of Oakland, 758 F.2d 147, 150 (6th Cir. 1985)). "Rule 702 should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact." Davis v. Combustion Eng'g, Inc., 742 F.2d 916, 919 (6th Cir. 1984); *accord* Mineral Investors, Ltd. v. Lamb, No. 92-5765, 1993 U.S. App. LEXIS 27318, at 11 (6th Cir. 1993). A trial court has broad discretion to admit or exclude testimony that arguably contains a legal conclusion due to the difficult nature of determining whether a legal conclusion is implicated in the testimony. Torres, 758 F.2d at 150-51 (citing Stoler v. Penn Cent. Transp. Co., 583 F.2d 896, 899 (6th Cir. 1978)).

Defendant, in her motion, acknowledges that Plaintiff, in an action for fraud, bears the burden to prove that Defendant "1) made false representation of facts material to the transactions; 2) knew of the falsity; 3) that the representations were made with the intent to deceive; 4) that the Plaintiff reasonably relied on the representations; and 5) the reliance resulted in damages." Defendant argues that the experts' reports of Plaintiff do not assist the trier of fact to understand the evidence or determine a fact at issue, but rather state a legal conclusion. Specifically, Defendant quotes two sections from the experts' reports that she asserts state a legal conclusion:

> I have been told that Mrs. Starr's representations in this regard were false, that she had previously transferred the property to a self-settled trust and gave a mortgage on the property to her ex-husband, Chris Starr, on account of an undisclosed debt. I have also been told that Advantage Bank would not have twice modified the promissory note given by Ms. Starr and would have been able to protect its interests prior to Ms. Starr's bankruptcy had Ms. Starr been truthful.
> …
> I have been provided copies of the personal financial statements Ms. Starr provided to Advantage Bank which state that Advantage Bank was relying on the truth and accuracy of her disclosures.[1]

Defendant also argues that if these quoted statements are excluded "there is nothing left in the Experts' reports that is admissible. Absent these improper statements, each report would only contain the personal information of the expert and the quoted portions of the initial personal financial statement provided by Ms. Starr to Advantage Bank." On this basis, Defendant requests the exclusion of both the experts' reports and their testimony.

Plaintiff argues, and the court agrees, that the above quoted statements are not the only language contained in the experts' reports aside from the personal information of the experts and the quoted portions of the financial statement provided by Defendant to Plaintiff. Specifically, the experts' reports also include the following language:

---

1 This quoted language is present in the expert reports of both Thomas R. Greathouse and Dieter E. Heren.

> In my experience and in my professional opinion, it is customary for lenders such as Advantage Bank to rely on the truth and accuracy of financial disclosures concerning the ownership of borrowers' homes. The vast majority of borrowers are truthful in these disclosures. It is not customary for lenders to confirm the ownership of personal residences in personal financial statements provided by borrowers, particularly when such assets are not being taken as collateral as it costs time and money to do so.
>
> \*\*\*
>
> In my opinion, Advantage Bank's reliance on the truth and accuracy of Irene Starr's statement that she was the owner of the above described real property was reasonable and customary.[2]

This language, as well as testimony along this line, is admissible. It states the opinion of the experts based on their experience in the financial industry regarding the customary practices of lenders in reviewing the financial disclosures of borrowers during the application process. This language does not state a legal conclusion, but rather provides a basis and reasoning for the experts' opinions that Advantage Bank relied upon Defendant's representations in extending her credit. On this basis it is distinguishable from instances where testimony is inadmissible based on its statement of a legal conclusion.

Courts have found testimony to contain inadmissible legal conclusions when a witness concluded that one party held a fiduciary relationship to another party, Christiansen v. Nat'l Sav. and Trust Co., 683 F.2d 520, 529 (D.C. Cir. 1982), or when an expert testified that warnings were inadequate or that a product was unreasonably dangerous, Strong v. E.I. DuPont de Nemours Co., 667 F.2d 682, 685-86 (8th Cir. 1981), or when a witness testified that a railroad crossing was extra hazardous, a legal term under governing law, Stoler, 583 F.2d at 898-99, or when a witness was asked whether certain conduct was unlawful. United States v. Baskes, 649 F.2d 471, 478 (7th Cir. 1980). In all of these examples, the inadmissible testimony did not contain customary practices and procedures of a sector, but rather the witness provided a conclusion regarding a point of law.

The portions of the experts' reports quoted by Defendant, when standing alone, do not appear to assist the trier of fact. When put into context with the remaining portions of the experts' reports, it is clear that the experts use these portions of the reports to explain the basis for their description of customary practices in the lending industry. Without an understanding of the specific facts of the case, the experts may not be able to appropriately describe customary practices and the trier of fact may not understand whether the experts understand the facts well enough to apply the appropriate customary practice. This language "sets the stage" for the experts' to establish their understanding of the facts of the case and lets the trier of fact know that the experts' testimony relates to the appropriate customary practices for the industry for this circumstance. In other words, this language provides a foundation from which the experts build and develop the customary practices of the industry in these circumstances. Therefore, the context of these quoted portions is important, clearly shows that the experts had a foundation upon which to describe the

---

2 This quoted language is present in the expert reports of both Thomas R. Greathouse and Dieter E. Heren.

customary practices in this instance, and is not a legal conclusion.

Accordingly, the court finds that the experts' reports and testimony are admissible.

An order will be entered simultaneously with this opinion.

# # #

**Service List:**

John L. Chaney
Ray P. Drexel
One E. Livingston Avenue
Columbus, OH 43215-5700

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702

James M McHugh
Elizabeth Ann Raies
Tzangas, Plakas, Mannos & Raies, Ltd.
220 Market Avenue, South
Eighth Floor
Canton, OH 44702

Michael V. Demczyk
McNamara, Demczyk & DeHaven Co., LPA
12370 Cleveland Ave NW
Uniontown, OH 44685